Chester D. Gilmore
CASHION GILMORE & LINDEMUTH
510 L Street, Suite 601
Anchorage, AK 99501
Telephone: (907) 222-7934
Facsimile: (907) 222-7938
Email: chester@cashiongilmore.com

*Attorneys for Defendants Providence
Health & Services-WA d/b/a Providence
Alaska Medical Center and Bryant Skinner*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUSTIN ACKER, EMILY ACKER, E.A. (2019), I.A. (2020), JOHN DOE, JANE DOE, JOHN DOE JR. (2020) and JANE DOE JR. (2016),<br><br>    Plaintiffs,<br><br>vs.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON d/b/a PROVIDENCE ALASKA MEDICAL CENTER, BARBARA KNOX, MD and BRYANT SKINNER,<br><br>    Defendants. | Case No. 4:22-cv-00017-HRH |

## PROVIDENCE HEALTH & SERVICES-WA d/b/a PROVIDENCE ALASKA MEDICAL CENTER AND BRYANT SKINNER'S ANSWER TO COMPLAINT

Defendants Providence Health & Services-WA, d/b/a Providence Alaska Medical

Center ("Providence") and Bryant Skinner, by and through counsel Cashion Gilmore &

Lindemuth, hereby answer plaintiffs' Complaint as follows:

## PARTIES AND JURISDICTION

1. This paragraph identifies plaintiffs, as such this paragraph requires no response from answering defendants.

2. This paragraph identifies plaintiffs, as such this paragraph requires no response from answering defendants.

3. Answering defendants admit and clarify Providence's identity as Providence Health & Services-WA, d/b/a Providence Alaska Medical Center.

4. Answering defendants admit.

5. Answering defendants admit.

6. Answering defendants deny.

7. No response is required from Answering defendants.

8. Answering defendant Providence admits that it is vicariously liable for the actions of its employees during the course and scope of employment.

9. Answering defendant Providence admits that it is vicariously liable for the actions of its employees during the course and scope of employment.

10. Answering defendants deny.

11. Answering defendant outpatient clinic provides a comprehensive child-centered approach, at times this includes sharing a diagnosis of child abuse with the Office of Children's Services ("OCS") as required by law.

12. Answering defendants admit.

13. Answering defendants admit.

14. To the extent this allegation implies the State solely finances Alaska CARES, it is denied. Alaska CARES receives funding from multiple sources, including grants, some of which are administered by the State of Alaska.

15. Answering defendants deny.

16. Answering defendants admit that Alaska CARES receives a portion of its funding from State-administered grants.

17. Answering defendants deny.

18. Answering defendants deny.

19. Answering defendants deny.

20. Answering defendants deny.

21. Answering defendants deny.

22. Answering defendants deny.

23. Answering defendants admit that Dr. Knox was a licensed medical physician in the State of Alaska. Answering defendants admit that Providence is vicariously liable for Dr. Knox's actions during the course and scope of her employment.

24. Answering defendants deny.

25. Answering defendants admit that Dr. Knox was an employee and admits vicarious liability for her actions in the course and scope of her employment. Answering defendants deny this allegation to the extent it is not clear what acts are being referred to.

26. Answering defendants admit that some employees reported interactions with Dr. Knox that they characterized as bullying.

27. Answering defendants deny.

28. Answering defendants admit.

29. Answering defendants deny.

30. Answering defendants deny.

31. Answering defendants deny.

32. Answering defendants deny any allegations of negligent investigation into staff complaints, and admit some staff members cited interactions with Dr. Knox as contributing to their decision to leave Alaska CARES.

33. Answering defendants deny.

34. Answering defendants deny.

35. Answering defendants admit that some staff characterized interactions with Dr. Knox as bullying.

36. Answering defendants admit.

37. Answering defendants admit.

38. Answering defendants deny.

39. Answering defendants admit.

40. Answering defendants deny.

41. Answering defendants deny.

42. Answering defendants deny and deny that there is any pattern to report.

43. Answering defendants deny.

44. Answering defendants cannot confirm or deny because reports to the National Practitioner Databank are confidential.

45. Answering defendants cannot confirm or deny because any such review would be confidential.

46. Answering defendants deny.

47. Answering defendants deny.

48. Answering defendants admit.

49. Answering defendants deny.

50. Answering defendants deny that they were acting under color of state law, and therefore deny there is jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Answering defendants deny plaintiffs have established jurisdiction under 28 U.S.C. § 1332.

51. Answering defendants deny venue in Fairbanks, Alaska is proper.

## FACTS

52. This allegation is directed at another defendant. Based on information and belief, answering defendants admit.

53. Answering defendants deny.

54. Answering defendants deny.

55. Answering defendants deny.

56. Answering defendants admit.

57. Answering defendants deny.

58. Answering defendants deny.

59. Answering defendants deny.

60. Answering defendants deny.

61. Answering defendants deny.

62. Answering defendants admit.

63. Answering defendants cannot speak for Alaskan law enforcement agencies.

64. Answering defendants cannot speak for OCS.

65. Answering defendants deny.

66. The contents of any press speaks for itself.

67. Answering defendants admit that Providence sent an email addressing the news reports. This email speaks for itself.

68. The email speaks for itself.

69. The email speaks for itself.

70. Answering defendants admit receiving complaints about Dr. Knox's behavior, communication, and leadership style and deny the remainder of this paragraph.

71. Answering defendants cannot speak to six unidentified staff members' reasons for leaving Alaska CARES.

72. This allegation expresses a legal conclusion and requires no response.

73. Answering defendants leave plaintiff to her burden of proof. The medical records speak for themselves.

74. Answering defendants have insufficient information to admit or deny, and therefore leave plaintiff to her burden of proof. The medical records speak for themselves.

75. Answering defendants deny.

76. Answering defendants deny.

77. Answering defendants deny.

78. Answering defendants deny.

79. Answering defendants deny any allegation of recklessness. To the extent this expresses a legal conclusion, it requires no response.

80. Answering defendants deny.

81. Answering defendants have insufficient information to either confirm or deny, and leave plaintiffs to their burden of proof.

82. Answering defendants deny.

83. Answering defendants deny.

84. Answering defendants have insufficient information to confirm or deny, and leave plaintiffs to their burden of proof. The medical records speak for themselves.

85. Answering defendants have insufficient information to confirm or deny, and leave plaintiffs to their burden of proof.

86. Answering defendants deny.

87. Answering defendants deny.

88. Answering defendants deny.

89. Answering defendants deny.

90. Answering defendants deny.

91. Answering defendants have insufficient information to confirm or deny, and leave plaintiffs to their burden of proof.

92. Answering defendants deny.

93. Answering defendants deny.

94. Answering defendants deny.

95. Answering defendants deny.

96. Answering defendants admit Dr. Knox resigned, but deny that the stated date is correct.

97. This allegation is directed at a codefendant; to the extent a response is required, this allegation is denied.

98. Answering defendants admit.

99. Answering defendants deny.

100. The terms of any contract would speak for themselves.

101. Answering defendants admit that Dr. Knox conducted examinations and evaluations in the course and scope of her employment, but Answering defendants deny this allegation to the extent it is not clear what actions are being referred to.

102. Answering defendants deny.

103. Answering defendants deny.

104. Answering defendants deny.

105. Answering defendants deny.

106. Answering defendants deny.

107. Answering defendants admit that OCS and Alaska State Troopers ("AST") lease space in the same building as Alaska CARES; that building is owned by Providence.

108. This paragraph lists legal claims and requires no response.

109. Answering defendants deny 42 U.S.C. § 1983 liability.

110. Answering defendants admit Alaska CARES receives grants that are administered by the State, but denies broad assertions of "state funding."

111. Answering defendants deny.

112. Answering defendants admit.

113. Answering defendants deny.

114. Answering defendants deny.

115. Answering defendants deny.

116. Answering defendants deny.

117. Answering defendants deny.

118. Answering defendants deny.

119. Answering defendants deny.

120. Answering defendants deny.

121. Answering defendants deny.

122. Answering defendants deny.

123. Answering defendants deny Mr. Skinner was closely involved in day-to-day operations of AST and OCS, but admit that in his leadership role of director of forensic services, Mr. Skinner interacts with these agencies around operational issues and protocols.

124. Answering defendants deny.

125. Answering defendants deny.

126. Answering defendants deny.

127. Answering defendants deny.

128. Answering defendants deny.

129. Answering defendants deny.

130. Answering defendants deny.

131. Answering defendants deny.

132. Answering defendants deny.

133. Answering defendants deny.

134. Answering defendant Providence admits that it is vicariously liable for the actions of its employees during the course and scope of employment.

135. Answering defendants deny.

## AFFIRMATIVE DEFENSES

1. The damages to plaintiffs, if any, are the result of the negligence or intentional acts of other individuals for whom answering defendants bear no responsibility.

2. Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief may be granted.

3. Plaintiffs have failed to mitigate damages, if any.

4. Answering defendants are entitled to the benefits of AS 09.17.010, et. seq.

5. Answering defendants are entitled to the benefits of AS 09.55.530, et. seq.

6. Answering defendants reserve the right to assert whatever other affirmative defenses and/or counterclaims may become available.

7. Answering defendants are entitled to absolute and/or qualified immunity.

8. Answering defendants were acting in good faith.

9. The statute of limitations applies.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Providence Health & Services-WA, d/b/a Providence Alaska Medical Center and Bryant Skinner, having answered the Complaint, pray for the following relief:

1. That plaintiffs' complaint be dismissed with prejudice;

2. For defendants' costs and reasonable attorney's fees incurred in defending against plaintiffs' action; and

3. For such other and further relief as this Court deems just and equitable.

CASHION GILMORE & LINDEMUTH
Attorneys for Defendants Providence
Health & Services-WA d/b/a Providence
Alaska Medical Center and Bryant Skinner

DATED: October 7, 2022

s/ Chester D. Gilmore
Chester D. Gilmore
Alaska Bar No. 0405015

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on October 7, 2022 on the following:

Michael C. Kramer
Kramer and Associates
542 4th Ave., Ste. 207
Fairbanks, Alaska 99701
service@mikekramerlaw.com

Laura L. Farley
Timothy Bowman
Farley & Graves, P.C.
807 G Street, Suite 250
Anchorage, AK 99501
lfarley@farleygraves.com
tbowman@farleygraves.com
khelton@farleygraves.com
jwylie@farleygraves.com


CASHION GILMORE & LINDEMUTH

By:  s/ Chester D. Gilmore