TIMOTHY W. BOWMAN, ESQ.
FARLEY & GRAVES, P. C.
807 G Street, Suite 250
Anchorage, Alaska 99501
Phone: (907) 274-5100  Fax: (907) 274-5111
Email: tbowman@farleygraves.com

Attorneys for Defendant Barbara Knox, M.D.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| JUSTIN ACKER, EMILY ACKER, E.A. (2019), I.A. (2020; JOHN DOE, JANE DOE, JOHN DOE JR. (2020), AND JANE DOE JR. (2016),<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON d/b/a PROVIDENCE ALASKA MEDICAL CENTER, BARBARA KNOX, M.D., and BRYANT SKINNER,<br><br>Defendants. | Case No. 4:22-cv-00017 SLG |

## DEFENDANT BARBARA KNOX, M.D.'S MOTION FOR PROTECTIVE ORDER

COMES NOW, Barbara Knox, MD, by and through counsel, Farley & Graves, P.C., and hereby requests that the Court issue a Protective Order to bar the production of documents/materials created in conjunction with an internal investigation of complaints regarding Dr. Knox while she was employed at Providence. Dr. Knox further requests that her severance agreement with Providence remain confidential and not subject to disclosure. The

DEFENDANT BARBARA KNOX, M.D.'S MOTION FOR
PROTECTIVE ORDER
ACKER ET AL V. KNOX ET AL
CASE NO. 4:22-cv-00017 SLG

Page 1 of 6

/JW
.P.33112

Case 4:22-cv-00017-SLG   Document 42   Filed 06/09/23   Page 1 of 6

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

undersigned hereby certifies and affirms that he has attempted in good faith to resolve this matter without involving the Court.

Counsel for Providence has indicated that it will submit the documents which Dr. Knox wishes to be kept completely confidential for *in camera* review upon the filing of this motion.

**FACTS**

The present lawsuit is the subject of media attention.[1] In fact, Dr. Knox has been the subject of an ongoing, inaccurate, and malicious media smear campaign, which has been picked up by outlets including the Anchorage Daily News, the Wisconsin Watch Newsletter, and others.

As the Court is aware, Dr. Knox has already moved for summary judgment seeking dismissal of all allegations against her. Though Dr. Knox vehemently denies any wrongdoing as related to any party, the inclusion of the Doe family serves to incontrovertibly illustrate the need for the requested Protective Order. The attached media article states "a Sitka couple, named as John and Jane Doe in the complaint…lost custody of their infant son after an abuse diagnosis by Knox."[2] This claim, published in black and white in a widely circulated public newspaper, is utterly false. Dr. Knox never conducted a medical evaluation of – let alone rendered a diagnosis for – John Doe, Jr. (2020). It follows that Dr. Knox was never a witness in any child in need of aid case related to John Doe, Jr. or his sister Jane Doe, Jr. (2016). Nor was Dr. Knox a witness in any criminal complaints against John Doe or Jane Doe.[3]

---

[1] Exhibit A, *Two Alaska families file federal lawsuit against embattled child abuse doctor, Providence alleging child abuse misdiagnoses,* July 14, 2022.
[2] Id. at p. 2 of 3.
[3] See, Docket 25.1 Filed 02/13/23 Page 2 of 3.

DEFENDANT BARBARA KNOX, M.D.'S MOTION FOR PROTECTIVE ORDER
ACKER ET AL V. KNOX ET AL
CASE NO. 4:22-cv-00017 SLG

Page 2 of 6

/JW
.P.33112

Case 4:22-cv-00017-SLG   Document 42   Filed 06/09/23   Page 2 of 6

In short, lawsuit is a prime example of the continuation of the media – and now legal – campaign to baselessly defame and discredit Dr. Knox. The Doe family's inclusion as parties to this suit and in media articles attacking Dr. Knox's practice demonstrate her detractors' disregard/disinterest in the truth as they carry out their misguided crusade against her. The purpose of this motion is to prevent, or at least curtail, the ability of would-be false accusers twisting the barest – or nonexistent – facts to unfairly malign Dr. Knox.

Specifically, among the materials Dr. Knox wishes to keep completely confidential are an approximately 37-page investigation summary in Providence's possession. In addition, Providence has advised that they are also in possession of various in-house emails related to the personnel complaints against Dr. Knox. Those emails and investigation summary are related to complaints received by Providence from certain of Dr. Knox's coworkers. The investigation and emails have nothing to do with any party to this suit. The complaints were strictly related to administrative personnel issues and not the treatment/evaluation of I.A.

Further, Dr. Knox and Providence entered into a severance agreement when her employment at Providence ended. That document is expressly styled as confidential. It constitutes a compromised severance, the disclosure of which would have a disincentivizing effect upon parties to seek mutually agreeable compromise, while incentivizing litigation in otherwise settleable disputes. Again, the severance agreement has no bearing upon the fact germane to the question of Dr. Knox's care/evaluation of I.A.

Plaintiffs have agreed to keep Dr. Knox's other employment-related information confidential, only to be shared with the parties and witnesses in so far as necessary to develop

DEFENDANT BARBARA KNOX, M.D.'S MOTION FOR PROTECTIVE ORDER
ACKER ET AL V. KNOX ET AL
CASE NO. 4:22-cv-00017 SLG

Page 3 of 6

/JW
.P.33112

Case 4:22-cv-00017-SLG   Document 42   Filed 06/09/23   Page 3 of 6

claims or defenses in this case.[4] However, the scope of the forthcoming agreed-upon stipulation for a protective order is insufficient to adequately protect Dr. Knox.

**ARGUMENT**

Federal Rule 26(c) allows the Court to issue a protective order forbidding the disclosure of information that may cause a party "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). To grant a protective order, the Court must evaluate whether good cause exists for the restrictions imposed. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). To establish good cause, the moving party must demonstrate a specific prejudice or harm that will result without the protective order. Id.

Dr. Knox seeks to completely prevent the disclosure of the investigation summary, related emails and her severance agreement because (1) neither the internal employment complaints, nor the severance agreement, involve parties or matters at issue in the present lawsuit, and (2) complete nondisclosure is the only way to ensure that the otherwise irrelevant information contained in the investigation files cannot be used to unfairly and publicly malign Dr. Knox. The agreed-upon protective order, permitting disclosure but limiting access to parties/witnesses only as necessary for the purposes of this lawsuit, does not go far enough.

Regardless of your allegiance to one side or the other in this litigation, it is beyond dispute that the media attention is designed specifically to harm Dr. Knox. To be sure, child abuse pediatrics is a field of medicine charged with emotion. Even if there is a protective order limiting

---

[4] As of the filing of this motion, the parties have yet to file a stipulation with respect to the confidentiality of general otherwise-discoverable employment-related materials, however the undersigned represents there is reasonable agreement among the parties regarding and expects the stipulation to be filed soon.

DEFENDANT BARBARA KNOX, M.D.'S MOTION FOR PROTECTIVE ORDER
ACKER ET AL V. KNOX ET AL
CASE NO. 4:22-cv-00017 SLG

Page 4 of 6

/JW
.P.33112

disclosure, it is fairly conceivable that protected information could, deliberately or inadvertently, find its way to the media. This would be particularly regrettable where, as stated, the coworker complaints and the severance agreement have no bearing upon Dr. Knox's care or medical evaluation of any child in this suit and are not otherwise germane to the claims lodged by their families. Keeping that information confidential will have no bearing on Plaintiffs' ability to prosecute their claims.

Finally, since materials that are the subject of this request are irrelevant to the Plaintiffs' claim, their disclosure (inadvertently or otherwise) to parties beyond those directly involved in the litigation would be particularly regrettable. Once they are disclosed, the damage is irreparable. Members of the media can perpetuate rumor, supposition, and innuendo seemingly without consequence. Serving media interest is not a legitimate use of the discovery rules, and should be guarded against by this Court, not only for Dr. Knox's sake, but also to preserve Court's integrity as a gatekeeper of discovery in an otherwise vehemently contested case.

Accordingly, Dr. Knox requests an Order barring disclosure of Providence's internal investigation summary, related emails and the severance agreement following an *in-camera* review, whereby the Court can confirm that those are otherwise harmful materials and have nothing to do with the Plaintiffs or the facts and circumstances giving rise to the present lawsuit.

## **CONCLUSION**

The Court should order that the Providence–Knox severance agreement and materials pertaining to the internal personnel complaints are non-disclosable because (1) those investigations had no relation to the Acker case or Dr. Knox's involvement therewith, and (2) the

DEFENDANT BARBARA KNOX, M.D.'S MOTION FOR PROTECTIVE ORDER
ACKER ET AL V. KNOX ET AL
CASE NO. 4:22-cv-00017 SLG

Page 5 of 6

/JW
.P.33112

Case 4:22-cv-00017-SLG   Document 42   Filed 06/09/23   Page 5 of 6

release of such information would cause Dr. Knox undue annoyance, embarrassment, oppression, and burden.

DATED this 9th of June 2023 at Anchorage, Alaska.

FARLEY & GRAVES, P. C.

By:    s/TIMOTHY W. BOWMAN
    807 G Street, Suite 250
    Anchorage, AK 99501
    Ph. (907) 274-5100
    Fax (907) 274-5111
    E-Mail: tbowman@farleygraves.com
    Alaska Bar No.: 0905012
    Attorneys for Defendant Barbara Knox, M.D.

**CERTIFICATE OF SERVICE**

Pursuant to Civil Rule 5, I hereby certify that on the 9th day of June 2023, a true and correct copy of the foregoing was served CM/ECF electronically on the following person(s):

Michael C. Kramer, Esq.
Kramer and Associates
542 4th Ave., Suite 207
Fairbanks, AK 99701
*Counsel for Plaintiffs*
service@mikekramerlaw.com
arnell@mikekramerlaw.com

Chester D. Gilmore Esq.
Cashion Gilmore, LLC
510 L Street, Suite 601
Anchorage, AK 99501
*Counsel for Providence and Bryant Skinner*
chester@cashiongilmore.com
jennifer@cashiongilmore.com

By: s/Joyce L. Wylie
    Legal Assistant
    jwylie@farleygraves.com

DEFENDANT BARBARA KNOX, M.D.'S MOTION FOR PROTECTIVE ORDER
ACKER ET AL V. KNOX ET AL
CASE NO. 4:22-cv-00017 SLG

Page 6 of 6

/JW
.P.33112

Case 4:22-cv-00017-SLG    Document 42    Filed 06/09/23    Page 6 of 6