Chester D. Gilmore
CASHION GILMORE & LINDEMUTH
510 L Street, Suite 601
Anchorage, AK 99501
Telephone: (907) 222-7934
Facsimile: (907) 222-7938
Email: chester@cashiongilmore.com

*Attorneys for Defendants Providence
Health & Services–WA d/b/a Providence
Alaska Medical Center and Bryant Skinner*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUSTIN ACKER, EMILY ACKER, E.A. (2019), I.A. (2020), JOHN DOE, JANE DOE, JOHN DOE JR. (2020) and JANE DOE JR. (2016),<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON d/b/a PROVIDENCE ALASKA MEDICAL CENTER, BARBARA KNOX, MD and BRYANT SKINNER,<br><br>　　　　　　　Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 4:22-cv-00017-SLG |

## PROVIDENCE'S OPPOSITION TO PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING

Defendants Providence Health & Services–WA d/b/a Providence Alaska Medical Center and Bryant Skinner, by and through counsel Cashion Gilmore & Lindemuth, hereby oppose Plaintiffs' Motion for Evidentiary Hearing.

PROVIDENCE'S OPPOSITION TO PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING
*Acker v. PAMC et al.*, Case No. 4:22-cv-00017-SLG　　　　　　　　　　　　　　Page 1 of 4

Case 4:22-cv-00017-SLG　Document 60　Filed 07/24/23　Page 1 of 4

Plaintiffs' Motion for Evidentiary Hearing should be denied because it would not aid the Court in deciding Dr. Knox's Motion for Protective Order. Dr. Knox's Motion for Protective Order addresses a discrete set of documents.[1] After briefing on the Motion for Protective Order was completed, Providence provided the Court with copies of both the redacted and unredacted documents addressed in the Motion for Protective Order so that the Court can determine for itself via *in camera* review whether the documents discuss issues related to the Ackers' claims in this matter.[2]

Simply put, Plaintiffs' Motion for Evidentiary Hearing entirely fails to explain how calling the suggested witnesses and "possibly others who lodged complaints" would aid the Court in evaluating these documents.[3] Instead, this requested evidentiary hearing appears to be an attempt to call witnesses to ascertain their personal knowledge.[4] Providence has provided this Court with the documents listed in Dr. Knox's Motion for Protective Order, and these documents speak for themselves. Relying on Local Civil Rule 7.1(g) to gather testimony from witnesses is therefore misplaced.[5] To date, Plaintiffs have yet to conduct any depositions,[6] which would be the appropriate method for such discovery.

---

[1] Defendant Barbara Knox, M.D.'s Motion for Protective Order, Docket 42.

[2] *See* Notice of Filing Confidential Documents for In Camera Review (filed July 19, 2023). The Does have entered a voluntary stipulation for dismissal. *See* Dockets 44 & 45.

[3] Motion for Evidentiary Hearing, Docket 51.

[4] Docket 51 at 1 (stating witnesses could describe "the subject matter of their complaints").

[5] Rule 7.1(g) requires a "summary of anticipated testimony from each witness," as well as "an estimate of required time," which Plaintiffs have failed to provide.

[6] Plaintiffs' Opposition to Defendant Barbara Knox, M.D.'s Motion for Protective Order, Docket 50 at 13.

PROVIDENCE'S OPPOSITION TO PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING
*Acker v. PAMC et al.*, Case No. 4:22-cv-00017-SLG       Page 2 of 4

Troublingly, Plaintiffs' briefing to date further implies that any complaints related to Dr. Knox made by anyone about anything, regardless of how attenuated to the actual 42 U.S.C. § 1983 claim advanced by the Ackers—the only remaining Plaintiffs in this litigation—should be provided to Plaintiffs in discovery because any complaint could undercut Dr. Knox's credibility.[7] This Pandora's Box approach to discovery is completely inconsistent with the Civil Rules and should be rejected outright.[8]

Providence respectfully requests this Court deny Plaintiffs' Motion for Evidentiary Hearing. Plaintiffs have failed to explain why such hearing would aid this Court in reviewing unredacted documents which speak for themselves.

|  |  |
|---|---|
|  | CASHION GILMORE & LINDEMUTH<br>Attorneys for Defendants Providence<br>Health & Services–WA d/b/a Providence<br>Alaska Medical Center and Bryant Skinner |
| DATED: July 24, 2023 | s/ Chester Gilmore<br>Chester D. Gilmore<br>Alaska Bar No. 0405015 |

---

[7] Docket 50 at 7.

[8] The Federal Rules of Civil Procedure, and Rule 26 specifically, have been amended over the years to limit overuse of discovery and to ensure any discovery is proportionally tailored to the needs of the case. *E.g.*, *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 602 (D. Nev. 2016) ("Since the late 1970s, the Supreme Court and the Advisory Committee on the Civil Rules have encouraged trial courts to exercise their broad discretion to limit and tailor discovery to avoid abuse and overuse.").

PROVIDENCE'S OPPOSITION TO PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING
*Acker v. PAMC et al.*, Case No. 4:22-cv-00017-SLG                                    Page 3 of 4

Case 4:22-cv-00017-SLG   Document 60   Filed 07/24/23   Page 3 of 4

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy
of the foregoing was served via CM/ECF on
July 24, 2023 on the following:

Michael C. Kramer
Kramer and Associates
542 4th Ave., Ste. 207
Fairbanks, Alaska 99701
mike@mikekramerlaw.com

Laura L. Farley
Timothy Bowman
Farley & Graves, P.C.
807 G Street, Suite 250
Anchorage, AK 99501
lfarley@farleygraves.com
tbowman@farleygraves.com
khelton@farleygraves.com
jwylie@farleygraves.com


CASHION GILMORE & LINDEMUTH

By: *s/ Chester Gilmore*

PROVIDENCE'S OPPOSITION TO PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING
*Acker v. PAMC et al.*, Case No. 4:22-cv-00017-SLG                                    Page 4 of 4

Case 4:22-cv-00017-SLG   Document 60   Filed 07/24/23   Page 4 of 4