IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUSTIN ACKER, *et al.*,<br><br>        Plaintiffs,<br>  v.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON, d/b/a Providence Alaska Medical Center, *et al.*,<br><br>        Defendants. | Case No. 4:22-cv-00017-SLG |

### ORDER RE DEFENDANT BARBARA KNOX, M.D.'S MOTION FOR PROTECTIVE ORDER

Before the Court at Docket 42 is *Defendant Barbara Knox, M.D.'s Motion for Protective Order*. Plaintiffs responded in opposition to the motion at Docket 42 to which Defendant Knox replied at Docket 57. At Docket 59, Defendant Providence filed a *Notice of Filing Confidential Documents for In Camera Review* at Docket 59 and lodged those documents with the Court. The Court has now undertaken that review, and orders as follows:

In June 2023, the Court entered a protective order based on the parties' stipulation according confidentiality with respect to Barbara Knox's employment materials except in so far as such materials are otherwise publicly available. *See* Docket 46. In general terms, that order prohibits the disclosure of such materials to anyone not connected with this litigation. Defendant Knox filed the current motion seeking a more restrictive order with respect to certain of those employment

materials.  She seeks an order to completely bar the production to Plaintiffs of documents created in conjunction with an internal investigation of complaints regarding her while she was employed at Providence.  She also asks that her severance agreement with Providence not be disclosed to Plaintiffs.  Typically, when confronted with such a motion, the opposing party will stress the existing protective order and assure the parties and the Court of their intent to fully comply with their obligations under the Court's order.  But in their opposition, Plaintiffs instead stress an apparent desire to "expose" Defendant Knox, alluding to "career ending disclosures" and describing her current employment as being "probably her last job in the false child abuse diagnosis business."[1]  They support their opposition with news articles about Dr. Knox, among other exhibits.

Plaintiffs and their counsel are reminded that if the Court orders the disclosure of these records to them, then any violation of the protective order currently in place by their disclosing the contents of these documents or otherwise communicating their contents to anyone not covered by the protective order will subject them to sanctions, which can include litigation-ending sanctions, the award of fees and costs, and, in a severe case, a finding of contempt of court.[2]

Further, based on the Court's *in camera* review, the Court generally agrees with Dr. Knox's assertion that "neither the severance agreement nor the investigation

---

[1] Docket 50 at 7.

[2] *See* Rule 37, Federal Rules of Civil Procedure.

Case No. 4:17-cv-00017-SLG, *Acker, et al. v. Providence Health & Services, Washington, et al.*
Order re Defendant Barbara Knox M.D.'s Motion for Protective Order
Page 2 of 4

pertain to the I.A. case."[3]

That being said, the documents have some degree of relevance to this action, particularly with respect to the conduct of the other named defendants: Providence and Providence employee Bryant Skinner. It is perhaps for that reason that in its notice, Providence proposes that the documents be provided to the parties, but only in the redacted format that it has submitted *in camera*, which redacts the names of most individuals involved in the investigation of Defendant Knox and redacts the amount of compensation paid to Dr. Knox in the severance agreement.[4]

On balance, the Court finds that the disclosure of the investigative files and severance agreement to Plaintiffs, subject to the existing protective order, is warranted. The Court will permit some, but not all of the redactions proposed by Providence. With the exception of the minor child I.A., the names of all children seen at Alaska Cares and the names of their parents must be redacted. The Court notes that it did not see any reference to I.A. in any of the records submitted for *in camera* review by Providence. But Providence's proposed redactions overlook a number of children's names (*see, e.g.,* at pages PAMC 000352, 362, 365, 405, 406, 416) that must be redacted. In addition, Providence may retain the redactions it proposed of certain compensation terms in the severance agreement as irrelevant to this litigation (*see* PAMC 000308). And Providence shall redact the phone number and email

---

[3] Docket 57 at 3.

[4] See Docket 59 at 2.

Case No. 4:17-cv-00017-SLG, *Acker, et al. v. Providence Health & Services, Washington, et al.*
Order re Defendant Barbara Knox M.D.'s Motion for Protective Order
Page 3 of 4
Case 4:22-cv-00017-SLG   Document 63   Filed 08/14/23   Page 3 of 4

address provided by employees making non-anonymous reports to Providence (*see, e.g.*, PAMC 000338). However, the names of all employees and other adults included in the materials shall not be redacted, excepting only if an anonymous reporter is later identified by name in the documents, the identity of that anonymous reporter shall be redacted. (The Court did not find any such subsequent identification of anonymous reporters in its review).

Based on the foregoing, IT IS ORDERED that Barbara Knox's motion for a protective order at Docket 42 is DENIED. Providence shall produce the materials to the parties, with the redactions as set forth in this order, within 7 days of the date of this order.

DATED this 14th day of August, 2023 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:17-cv-00017-SLG, *Acker, et al. v. Providence Health & Services, Washington, et al.*
Order re Defendant Barbara Knox M.D.'s Motion for Protective Order
Page 4 of 4

Case 4:22-cv-00017-SLG   Document 63   Filed 08/14/23   Page 4 of 4