# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The University of Wisconsin-Madison ("UW-Madison" or "University") and Barbara Knox, M.D. ("Dr. Knox"), a clinical faculty member of the University of Wisconsin School of Medicine and Public Health ("SMPH"), collectively "the parties," agree to enter into this Settlement Agreement and Release of Claims ("Agreement") as follows.

The parties to this Agreement have determined that it is in their best interests to end their employment relationship and resolve any pending or potential claims related to that relationship on the terms and for the consideration outlined below.

1. **Definitions.** For purposes of paragraph 2 of this Agreement, which is entitled "Separation from Employment," the word "affiliates" is defined as: entities partially or wholly owning, owned by, or under common ownership of University of Wisconsin Medical Foundation ("UWMF") or University of Wisconsin Hospitals and Clinics Authority ("UWHCA").

2. **Separation from Employment.**

    a. UW-Madison hereby accepts Dr. Knox's voluntary resignation from her employment with her last day of employment being October 27, 2019. UW-Madison will add a copy of Dr. Knox's letter of resignation, a copy of which is attached as Exhibit A, to her SMPH personnel file.

    b. The parties agree that following the execution of this Agreement, until her date of resignation, October 27, 2019, Dr. Knox will perform her work remotely. She will be provided an alternative assignment by Dr. Ellen Wald to conduct during that period.

    c. Conditioned upon Dr. Knox continuing to fulfill her work duties for the University through October 27, 2019, the University shall pay Dr. Knox's normal UW-Madison salary and UWMF compensation according to the Department of Pediatrics compensation plan and through normal payroll procedures; the last day of compensated work will be October 27, 2019.

    d. No later than December 1, 2019, the University will compensate Dr. Knox for the balance of her accrued but unused personal and vacation leave days, if any, provided Dr. Knox supplies adequate information about her leave reporting to the Department of Pediatrics by October 27, 2019.

    e. Dr. Knox shall make an appointment with the Department Administrator for the Department of Pediatrics outside of normal business hours to remove her personal belongings from her University office. Dr. Knox may work through Associate Dean Broadus to obtain personal materials saved to the Y drive to make copies of materials as authorized by the University.

    f. No later than October 27, 2019, Dr. Knox will return to the Department Administrator for the Department of Pediatrics all University property in her possession, including but not

ACKER/DOE 004858

limited to, keys, identification badge, cameras and associated supplies, any cell phones and associated service plans, and computers.

**3. Settlement Payment.** The University shall pay a total settlement amount of $20,000.00 to Dr. Knox as follows:

   a. The University shall issue a check payable to Dr. Knox, less all required withholdings, in the amount of $20,000.00. Withholdings for this payment shall be calculated in accordance with Dr. Knox's most recent W-4 and WT-4A (if any) on file with the University. The University will report this income as wages for tax purposes and include it on a Form W-2 issued to Dr. Knox. This payment shall not be considered wages for purposes of the Wisconsin Retirement System ("WRS").
   b. This check will be mailed to Dr. Knox, care of her attorney Glenn Reynolds, 1261 County Highway U, Verona, Wisconsin 53593, within thirty (30) calendar days of the effective date of this Agreement.
   c. Dr. Knox acknowledges that the University is not providing any advice regarding the taxes due for this settlement payment or other financial terms of this Agreement and that Dr. Knox will consult her own legal and/or tax advisors regarding such questions.

**4. Letter.** The University will provide Dr. Knox a letter on letterhead signed by Dr. Ellen Wald, stating the following: "Dr. Knox was on paid administrative leave from June 28, 2019, through October ___, 2019 from her position at the University of Wisconsin School of Medicine and Public Health. The reason she was placed on leave did not relate to dishonesty, clinical skills, medical diagnostic abilities, or incorrect medical diagnoses. No disciplinary action was taken by the University of Wisconsin School of Medicine and Public Health." The University agrees to provide a copy of said letter to the State of Alaska Medical Board at the following email address: medicalboard@alaska.gov and jason.kaeser@alaska.gov within three (3) business days of the execution of this Agreement. This letter is attached as Exhibit B.

**5. Response to Reference Checks.** In regard to future employment inquiries received by those University employees who have knowledge of this Agreement, the inquirer would be referred to the SMPH Office of Human Resources; information provided would be limited to Dr. Knox's title, salary information, dates of employment, and date of resignation.

**6. Credentialing Applications.** No officer or employee of the University who has knowledge of this Agreement will provide information in any credentialing process other than confirming dates of employment, and dates and types of privileges held, unless Dr. Knox makes a written request to the University and expressly agrees to waive liability for any claims based upon responses provided by the University, its officers, and employees. Nothing in this Agreement requires the University or its officers or employees to provide any particular responses to credentialing applications related to Dr. Knox in the event of such a request and waiver by Dr. Knox.

**7. Dr. Knox's Contact Information.** The University agrees that the UW Child Protection Program will indicate to anyone calling to ask for Dr. Knox's information that she took a new position and can be reached at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as well as ▓▓▓▓▓▓

ACKER/DOE 004859

8. **Release of Records.** Dr. Knox acknowledges that records of her employment may be subject to disclosure under the Wisconsin Public Records law and other laws. Should the University receive a request for a record for which Dr. Knox is the subject of that record, it will follow University procedure and the law with respect to providing Dr. Knox notice of the request.

9. **Limitations on Confidentiality.**

   a. The parties agree that the existence of this Agreement and its terms shall be kept confidential and not disclosed except as permitted by this Agreement.

   b. Dr. Knox may disclose this Agreement to: (i) UW-Madison, UWHCA, and UWMF human resources personnel; (ii) her immediate family members; (iii) her legal and/or tax advisors; or (iv) if required by law, regulation, or professional, ethical, licensing, or credentialing requirements.

   c. UW-Madison may disclose this Agreement to personnel employed by UW-Madison, UWHCA, UWMF, or their affiliates, with a legitimate business need to know, as necessary to carry out its obligations under this Agreement.

   d. UW-Madison may also disclose this Agreement, if necessary, to comply with ethical, legal, licensing, regulatory, or accreditation requirements. Whether such compliance is necessary is determined by UW-Madison.

   e. UW-Madison and Dr. Knox acknowledge that this Agreement may be subject to release pursuant to the Wisconsin Public Records law, lawful subpoena, litigation, administrative agency proceedings(s), other governmental investigations(s), or accreditation review(s), if a request is made for it.

10. **Nonretaliation.** Dr. Knox agrees not to have any future direct communication with staff in the Child Protection Program, and agrees not to take any action against the staff, Dr. Wald, or other members of the Department of Pediatrics that would constitute retaliation. Should Dr. Knox need to contact the staff, she will communicate through staff in the SMPH Office of Human Resources.

11. **Non-Disparagement.**

   a. Dr. Knox shall not disparage: (i) UW-Madison in any communication(s) with any individual or entity; or (ii) any officers, employees, or affiliates of UW-Madison for any actions taken within the course and scope of their University employment.

   b. No UW-Madison employee with knowledge of this Agreement shall disparage Dr. Knox. That notwithstanding, nothing in this Agreement shall preclude UW-Madison or its officers or employees from communicating information about Dr. Knox to licensing or other governmental or regulatory bodies for medical malpractice settlement, violation of the law, or

ACKER/DOE 004860

ethical duties. To date, UW-Madison and its officers and employees have no information that Dr. Knox has engaged in any conduct that would require such a report.

c. Notwithstanding paragraph 12(b), nothing in this Agreement shall preclude UW-Madison or its officers or employees from communicating information about Dr. Knox in response to governmental investigation, accreditation reviews, or in the course of defending against legal claims.

d. Communications about patient care or for other legitimate business purposes with UW-Madison, UWHCA, UWMF, or any of their affiliates, officers, or employees shall not be considered disparagement.

e. UW-Madison's compliance with paragraphs 5 and 6 of this Agreement shall not be considered disparagement.

12. **Waiver of Appeal or Grievance.** Dr. Knox waives her right to challenge the separation and terms or conditions of her employment with the University to any internal governance body, including but not limited to, the UW-Madison Academic Staff Appeals Committee or the Office of Compliance EEO complaint process.

13. **Withdrawal of Claims.** Dr. Knox agrees to request withdrawal of any and all claims she has pending against UW-Madison, the University of Wisconsin System Board of Regents, or any of their employees within ten (10) calendar days of the effective date of this Agreement.

14. **Waiver of Claims.**

a. Dr. Knox waives any and all legal claims she may have related to her employment at UW-Madison and does hereby fully release and discharge UW-Madison and its agents, officers, affiliates, and employees (past and present for actions taken within the scope of their employment or agency), predecessors, successors, and assigns, from any and all actions, claims, causes of action, demands, damages, costs, losses, attorney's fees, expenses, or disputes of any nature whatsoever, arising in law or equity, from or by reason of any matter, act, omission, or cause, whether known or unknown, arising prior to the signing of this Agreement. Said release includes, but is not limited to, any claims for past or future wages, attorney's fees and costs, compensatory damages, emotional distress damages, or punitive damages under any theory whatsoever; contract-related claims, including but not limited to, claims for promissory estoppel and breach of contract; any and all claims arising in personal injury, wrongful or constructive discharge, defamation, any other tort; and any claim arising under the following laws, as amended from time to time: the Wisconsin Fair Employment Act; Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Equal Pay Act; the Fair Labor Standards Act; Chapters 108 and 109 of the Wisconsin Statutes; the Americans with Disabilities Act; the National Labor Relations Act; the Employee Retirement Income Security Act of 1964 (ERISA); the Fair Credit Reporting Act, or any other federal, state or local laws, regulations or orders relating to employment discrimination, harassment, or retaliation related to her employment at the University, from the beginning of time to the date of execution of this Agreement.

ACKER/DOE 004861

b. The parties agree that this waiver does not discharge Dr. Knox from any negligence claims brought by third parties, which arise from actions undertaken in the course and scope of her duties as an employee of UW-Madison, nor does it discharge any duty of the University or the State of Wisconsin to defend and indemnify Dr. Knox for the same. Such defense and indemnity are described in Wis. Stats. ss. 895.46 and 893.82 and is conditioned upon Dr. Knox's cooperation in the defense of any claim.

15. **Older Worker Benefit Protection Act.** In compliance with the Older Worker Benefit Protection Act ("Act"), Dr. Knox agrees and acknowledges as follows:

a. Dr. Knox has read the terms of this Agreement, understands its contents, and agrees to the terms and conditions set forth therein of Dr. Knox's own free will.

b. Dr. Knox acknowledges that she has been advised to and had the opportunity to consult legal counsel prior to executing this Agreement.

c. Dr. Knox acknowledges that she has been afforded adequate time from the date she received this Agreement to consider its terms and, therefore, waives the twenty-one (21) day period otherwise provided by the Act to consider this Agreement.

d. Dr. Knox acknowledges and understands that she may rescind this Agreement and the release and waivers contained herein within seven (7) calendar days of the date on which she executes this document and the Agreement shall not become enforceable until the seven (7) day revocation period has expired. Should Dr. Knox wish to exercise the right to rescind this Agreement and the release and waivers, the rescission must be in writing and must be delivered by hand, mail, or facsimile to the UW-Madison Office of Legal Affairs within seven (7) calendar days of the date that Dr. Knox executes the Agreement. If Dr. Knox wishes to deliver the rescission by mail, the rescission must be postmarked within seven (7) calendar days of the date that Dr. Knox executes the Agreement.

16. **No Admissions.** The parties agree that this Agreement is not and shall not be construed as an admission of wrongdoing by either party.

17. **No Prevailing Party Designation.** The parties agree that this Agreement shall not be construed to render Dr. Knox a "Prevailing party" within the meaning of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act, as amended; the Fair Labor Standards Act, as amended; the Fair Credit Reporting Act; the Age Discrimination in Employment Act, as amended; the Wisconsin Fair Employment Act, as amended; ERISA; or any other law, statute or ordinance that may allow the recovery of attorney's fees or costs to a party that "prevails" in any manner or sense, nor shall this Agreement be deemed to constitute a factor in support of an award of attorney's fees or costs under any federal, state, or local law, statute, or ordinance.

ACKER/DOE 004862

18. **Entire Agreement.** This Agreement, inclusive of Exhibits A and B, represents the entire agreement between the parties and may not be waived, modified, or amended in any respect except by written agreement of the parties.

19. **Severability.** In the event that any provision of this Agreement is found by a tribunal of competent jurisdiction to be unenforceable, the remaining provisions of the Agreement shall continue and shall be given full force and effect.

20. **Counterparts.** This Agreement may be executed in counterparts, each of which together shall constitute the Agreement. Dr. Knox shall receive an original of this Agreement and all counterparts, if any.

21. **Full Understanding.** The parties hereto represent and acknowledge that they have read this Agreement and understand its terms in all respects. The parties further warrant that they have had the full opportunity to confer with legal counsel before entering into this Agreement. By signing this Agreement, the parties represent that they are fully advised of the consequences of signing this Agreement and its final and binding effect and acknowledge that they are signing it knowingly and voluntarily.

THIS AGREEMENT IS EFFECTIVE AS OF THE LAST DATE SIGNED BELOW.

_Barbara Knox MD_     10/14/2019
Barbara Knox, M.D., Professor (CHS)     Date

For the Board of Regents of the University of Wisconsin
By: _[signature]_     10/15/19
Laurent Heller, Vice Chancellor for Finance & Administration     Date

Acknowledged by:
_[signature]_     10/14/19
Robert N. Golden, M.D., Dean,     Date
School of Medicine and Public Health

ACKER/DOE 004863